Scott S. Thomas, NV Bar No. 7937
sst@paynefears.com
Sarah J. Odia, NV Bar No. 11053
sjo@paynefears.com
PAYNE & FEARS LLP
6385 S. Rainbow Blvd., Suite 220
Las Vegas, Nevada 89118
Telephone: (702) 851-0300
Facsimile: (702) 851-0315

Attorneys for CENTEX HOMES

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CENTEX HOMES, a Nevada general partnership,<br><br>Plaintiff,<br><br>v.<br><br>ASSURANCE COMPANY OF AMERICA, an Illinois corporation; NORTHERN INSURANCE COMPANY OF NEW YORK, an Illinois corporation; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation; UNIONAMERICA INSURANCE COMPANY LIMITED, successor in interest to ST. PAUL REINSURANCE COMPANY LIMITED, a London corporation,<br><br>Defendants. | Case No.: 2:16-cv-01278-JCM-GWF<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff Centex Homes ("Plaintiff"), on the one hand, and Defendants St. Paul Fire & Marine Insurance Company and Unionamerica Insurance Company Limited, successor in interest to St. Paul Reinsurance Company Limited ("Defendants"), on the other hand, through their respective attorneys of record, that a Protective Order may be entered by this Court as follows:

///

///

1.     Plaintiff contends that Plaintiff's responses to defendant St. Paul Fire & Marine Insurance Company's ("St. Paul") requests for production of documents will require disclosure of documents and information that are confidential, that are attorney work product, and that are attorney-client privileged communications including, but not limited to Plaintiff's attorneys' defense invoices related to the underlying construction defect litigation entitled, *Susan H. Story, et al. v. Centex Homes*, Second Judicial District Court, Washoe County, Nevada, Case No. CV12-00240 ("*Story*"), and other information Plaintiff contends is confidential, proprietary, or secret in nature ("Confidential Information"). In order to cost-effectively facilitate the production of these documents, the parties have agreed to enter into a Protective Order on the following terms:

2.     This Protective Order shall limit the use or disclosure of documents and related information which any party contends embodies or discloses confidential information.

3.     Any person designating documents, testimony, or other information as "Confidential" ("Designating Party") hereunder asserts that he or she believes in good faith that such material is confidential information which is not otherwise available to the public generally.

4.     Designation of a document as "Confidential" shall be made by stamping or writing "CONFIDENTIAL" on the document(s). Alternatively, the parties may designate documents as "Confidential" by producing the documents with a letter designating documents by Bates number as "Confidential."

5.     Designation of a deposition or other pretrial testimony, or portions thereof, as "Confidential" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony. The portions of depositions so designated as "Confidential" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order. Failure of any other person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons not entitled by this Protective Order to have access to such information are in attendance. The parties shall instruct the court reporter to segregate such

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD, SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

2

[PROPOSED] STIPULATED PROTECTIVE ORDER                CASE NO: 2:16-cv-01278-JCM-GWF

1  portions of the deposition in a separate transcript designated as "Confidential."  Portions of such
2  deposition transcripts shall be clearly marked as "Confidential" on the cover or on each page, as
3  appropriate.

4        6.      No documents or information designated as "Confidential" shall be
5  disclosed by anyone receiving such documents or information ("Receiving Party") to anyone other
6  than those persons designated herein, and in no event shall confidential information be used, either
7  directly or indirectly, by anyone receiving such information for any business, commercial or
8  competitive purpose or for any purpose whatsoever other than the direct furtherance of the
9  litigation of this action in accordance with the provisions of this Protective Order.

10        7.      Unless otherwise ordered by the Court or permitted in writing by the
11  Designating Party, a Receiving Party shall not disclose any information or item designated as
12  "Confidential" to any other person except to:

13        (a)      Attorneys of record for the parties and their respective associates,
14  clerks and employees directly involved in the conduct of this litigation;

15        (b)      The parties hereto;

16        (c)      The Court and its personnel;

17        (d)      Court reporters and their staff, provided further that any
18  documentation or information designated "Confidential" and filed with the Court shall be sealed
19  subject to release only by order of the Court or agreement of counsel;

20        (e)      Expert witnesses of the Receiving Party to whom disclosure is
21  reasonably necessary for this litigation;

22        (f)      The author of the document or the original source of the
23  information; and

24        (g)      Any other person with the prior written consent of the party who has
25  designated such information as "Confidential" or pursuant to an order of the Court.

26  ///
27  ///
28  ///

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD, SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

8. The substance or content of any documents or information designated as "Confidential", as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in paragraphs 7(a)–(g) above.

9. By entering into this agreement and producing documents or information Centex contends are confidential and/or privileged, Centex does not waive the attorney-client privilege and/or work product doctrine to the extent these protections apply to such documents or information, or any other documents produced by Centex.

10. The parties agree to meet-and-confer prior to filing documents or information designated as "Confidential" with the Court, with the goal of determining whether the parties' interests can be preserved through the use of mutually-agreeable redaction rather than filing under seal. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any documents or information designated "Confidential" pursuant to this Protective Order.

11. Any party that wishes to challenge the designation of a document or other information as "Confidential" may, for good cause, bring a motion before the Court requesting that the Court deny the designation of any document or information as "Confidential." The interested parties or other persons shall attempt to resolve such disagreements before submitting them to the Court. The party who asserts that a document or other information should be treated as confidential under this Protective Order, has the burden of proof to establish that the information or document is entitled to such protection. Pending resolution of any dispute concerning such designation, all parties and persons governed by this Protective Order shall treat all documents and information previously designated as "Confidential" as protected from further disclosure by this Protective Order.

12. The provisions of this Protective Order shall continue in effect until otherwise ordered by the Court after notice and an opportunity to be heard is afforded to the parties to this action. The final determination or settlement of this action shall not relieve any person who has received documents or information designated as "Confidential" pursuant to this Protective Order from his, her, or its obligations hereunder. Upon completion of the litigation, all

1 documents (including copies of documents) and information designated "Confidential" shall retain
2 their "Confidential" designation and be destroyed after the requisite period under the law.

4       13. Nothing in this Protective Order shall limit the use by any party, person or
5 entity of his, her or its own proprietary document or information for purposes other than this
6 litigation even if such documents or information have been designated as "Confidential."

7       14. This Protective Order shall not preclude or limit any party's right to oppose
8 or object to discovery on any ground which would be otherwise available.  This Protective Order
9 shall not preclude or limit any party's right to seek in camera review or to seek further and
10 additional protection against or limitation upon production or dissemination of information
11 produced in response to discovery, including documents and their contents.

12       15. Any person to or by whom disclosure or inspection is made in violation of
13 this Protective Order, and who has knowledge of this Protective Order, shall be bound by the
14 terms hereof.

15       16. The parties hereto, and all other persons who receive documents or
16 information designated as "Confidential" pursuant hereto, agree that any party or other person
17 injured by a violation of this Protective Order does not have an adequate remedy at law and that an
18 injunction against such violation is an appropriate remedy.  In the event any person shall violate or
19 threaten to violate any terms of this Protective Order, the parties agree that the aggrieved party
20 may immediately apply to obtain injunctive relief against any such person.  In the event the
21 aggrieved party shall do so, the respondent person subject to the provisions of this Protective
22 Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate
23 remedy at law.  Any persons subject to the terms of this Protective Order agree that the Court shall
24 retain jurisdiction over it and them for the purposes of enforcing this Protective Order, including
25 but not limited to issuing an injunction.  In addition to injunctive relief, as specified herein, the
26 Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate
27 under the circumstances for a violation of this Protective Order.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD, SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

5

[PROPOSED] STIPULATED PROTECTIVE ORDER       CASE NO:  2:16-cv-01278-JCM-GWF

17. Neither entering into this Stipulation for Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission (1) that any document or information designated as "Confidential" is in fact confidential information, or protected by the attorney-client privilege or work-product doctrine; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential;" or (3) as to the authenticity, competency, relevancy or materiality of any information or document designated as "Confidential."

18. In the event the Court does not issue this Protective Order, the parties hereby agree that the terms of the Stipulation are binding on the parties, except for those sections which require Court approval.

**AGREED TO BY**:

DATED: April 5, 2017               PAYNE & FEARS LLP

                                   By      */s/ Sarah J. Odia*
                                   SCOTT S. THOMAS, NV Bar No. 7937
                                   SARAH J. ODIA, NV Bar No. 11053
                                   6385 S. Rainbow Blvd., Suite 220
                                   Las Vegas, Nevada 89118
                                   Telephone:  (702) 851-0300

                                   Attorneys for CENTEX HOMES

DATED: April 5, 2017               MORALES FIERRO & REEVES

                                   By      */s/ Ramiro Morales*
                                   RAMIRO MORALES, NV Bar No. 007101
                                   600 South Tonopah Drive, Suite 300
                                   Las Vegas, NV  89106
                                   Telephone:  (702) 699-7822

                                   Attorneys for Defendant
                                   ST. PAUL FIRE AND MARINE INSURANCE COMPANY

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD, SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

6
[PROPOSED] STIPULATED PROTECTIVE ORDER                CASE NO:  2:16-cv-01278-JCM-GWF

DATED: April 5, 2017

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By  */s/ Chad C. Butterfield*
CHAD C. BUTTERFIELD, NV Bar No. 010532
300 S. Fourth St., 11th Fl.
Las Vegas, NV 89101
Telephone: (702) 727-1400

Attorneys for Defendant
UNIONAMERICA INSURANCE COMPANY LIMITED, AS SUCCESSOR-IN-INTEREST TO ST. PAUL REINSURANCE COMPANY, LTD.

**ORDER**

IT IS SO ORDERED.

Dated: 4/06/2017

_____
UNITED STATES MAGISTRATE JUDGE

4835-3833-5558.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
6385 S. RAINBOW BLVD, SUITE 220
LAS VEGAS, NEVADA 89118
(702) 851-0300

7
[PROPOSED] STIPULATED PROTECTIVE ORDER         CASE NO: 2:16-cv-01278-JCM-GWF